Bradley *vs.* Rodelsperger.

HEARD APRIL TERM, 1875.

## BRADLEY *vs.* RODELSPERGER.

Though it is error for a Referee to decide matters of fact from his own personal recollection of them, yet if no objection is taken to them on that score, but only to the effect of the evidence, and the Judge below concurs with the Referee, then it must appear that the overbearing weight of the evidence is against their conclusion or this Court will not disturb it.

A Referee has nothing to do with questions of costs; they must be taxed by the Clerk; and it is only when they have been so taxed, and a motion to correct the taxation has been made in the Court below and decided, will this Court hear an appeal on a question of costs.

BEFORE MOSES, J., AT NEWBERRY, JUNE TERM, 1874.

The points decided by the Court on this appeal from the judgment below will be sufficiently understood from the opinion of the Court.

*Jones & Jones, Y. J. Pope, S. Pope,* for appellant.

*Suber & Caldwell, J. M. Baxter,* contra.

April, 1875.　The opinion of the Court was delivered by

WILLARD, A. J.　An objection is made to the report of the Referee on the ground that an obligation contracted in 1864 was valued by the Referee, for the purposes of the suit, according to the value of Confederate currency at the date of the contract.　It appears that, instead of testimony being adduced before the Referee to establish the facts upon which the question of the intention of the parties as it regards the kind of currency that should discharge such obligation, the Referee resorted to his personal recollection of the facts, and mainly from that source derived the evidence on which he concludes that the parties contracted with reference to Confederate currency.　If this departure from sound and established practice had been the subject of a proper objection, the report could not be permitted to stand as it regards the question under consideration; but no such objection is made.　Assuming, then, that the facts stated by the Referee from his personal recollection were accepted by the parties as evidence, and it appears that there was evidence tending to show that the parties contemplated the use of Confederate money, the Referee and the Circuit Judge arrived at the same conclusion as to such matter of fact, and

there is no overbearing weight of evidence in opposition to their conclusion. This Court cannot, therefore, disturb their conclusion.

That part of the Referee's report that assumes to pass upon questions of costs cannot be reviewed in detail. The Referee had nothing to do with the question of costs. The proceedings to ascertain the amount of costs and disbursements should have been taken in accordance with Section 337 of the Code of Procedure. If the allowances made by. the Clerk for costs or disbursements are objected to by either party, the proper practice is to bring the matter before the Court on motion to correct such allowances. Not until such a motion is heard and decided is a question of that nature ripe for this Court to pass upon it.

The report should be set aside so far only as it assumes to tax or allow costs and disbursements, and the cause remanded to the Circuit Court for proper proceedings for the allowance of costs and disbursements.

*Moses*, C. J., and *Wright*, A. J., concurred.